UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTE ISBY, as ) | | |
| Special Administrator of the Estate of ) | Case No. 16 C 7500 | |
| STEPHEN ISBY, deceased, ) | | |
| ) | Judge Kocoras | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Magistrate Judge Gilbert | |
| ) | | |
| P.O. PETER KELLY #13712, ) | JURY DEMAND | |
| Individually, and THE CITY OF ) | | |
| CHICAGO, a municipal corporation, ) | | |
| ) | | |
| Defendants. ) | | |

**Defendants' Motion to Reconsider this Court's Order Denying Summary Judgment**

Defendant City of Chicago and Defendant Peter Kelly hereby move this Court, pursuant to Federal Rules of Civil Procedure 54(b) and 60(b), to reconsider its September 17, 2019 order denying Defendants' Motion for Summary Judgment, in support Defendants state:

**INTRODUCTION**

On January 18, 2019, Defendants moved for summary judgment against Plaintiff on all claims. (*See* Dkt. Nos. 74-77). Plaintiff's response to Defendants' motion relied on primarily inadmissible evidence, specifically at issue here, a diagram (that Plaintiff herself titled "autopsy report") taken from a Chicago Police detective's case supplementary report which Plaintiff used without establishing any foundation. (*See* Dkt. Nos. 78 and 79, Plaintiff's Exhibit 3(Dkt. No. 79-4)). This Court's memorandum and opinion denying Defendants' motion for summary judgment referenced and relied exclusively on Plaintiff's Exhibit 3 to say there was a material factual

1

dispute warranting denial of Defendants' motion. (*See* Dkt. No. 87). Because this document lacked foundation and was entirely inadmissible, Defendants respectfully request the Court reconsider its order denying summary judgment and, instead, grant Defendants' motion for summary judgment on the merits pursuant to FED.R.CIV. P. 54(b) and 60 (b).

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure permit a litigant to ask courts to reconsider a judgment or judicial decision. A court's denial of a motion for summary judgment is interlocutory. *Haze v. Kubicek*, 880 F.3d 946, 950 (7th Cir. 2018) ("It is basic procedural law that a denial of summary judgment is an interlocutory ruling."). Motions to reconsider interlocutory orders are governed by Federal Rule of Civil Procedure 54(b), which "provides that any order that does not resolve all claims as to all parties 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.' " *See, e.g.*, *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015) (quoting Fed. R. Civ. P. 54(b)); *Galvan*, 678 F.3d at 587 ("Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of judgment, thereby bestowing sweeping authority upon the district court to reconsider [interlocutory orders]."). Courts have held that the standard applicable to motions to reconsider under Rule 54(b) is largely identical to that of Rule 59(e). *Saccameno v. Ocwen Loan Servicing, LLC,* No. 15 C 1164, 2018 WL 1240347, at *2 (N.D. Ill. Mar. 9, 2018) citing, *Morningware, Inc. v. Hearthware Home Prod., Inc.*, No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011) ("The standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b)."). "A motion for reconsideration brought pursuant to Rule 54(b) may be granted where the Court has obviously misunderstood a party, where the Court's

2

decision rests on grounds outside the adversarial issues presented to the Court by the parties, where the Court has made an error not of reasoning but of apprehension, where there has been a controlling or significant change in the law since the submission of the issue to the Court, or where there has been a controlling or significant change in the facts of the case." *Caine v. Burge*, 897 F. Supp. 2d 714, 716-17 (N.D. Ill. 2012) (J. Kendall), *see also, Bank of Waunakee* v. *Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Similarly, Rule 60 allows for relief from a judgment or order but is more limited in circumstances and identifies six grounds upon which relief may be granted, including "mistake," "misrepresentation," or "any other reason that justifies relief." FED.R.CIV.P. 60. The decision whether to grant a motion to reconsider is entrusted to the sound judgment of the district court. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

## ARGUMENT

The Court should reconsider its September 17, 2019 order which denied Defendants' motion for summary judgment. *Docket No. 87* ("Summary Judgment Order"). The Court erred when it relied on Plaintiff's Exhibit 3 almost exclusively in denying Defendants' motion for summary judgment. . Additionally, because this Court relied on evidence that Plaintiff misrepresented, FED.R.CIV.P. 60(b)(3) also warrants this Court reconsidering its Summary Judgment Order.

**I. The Court should reconsider its Summary Judgement Order because this Decision Represents an Error in the Apprehension of the Evidence under Rule 54(b).**

Motions for reconsideration serve a limited function – to correct manifest errors of law or fact or to present newly discovered evidence. *Keene Corp. v. International Fidelity Insurance Co.*, 561 F.Supp. 656 (N.D.Ill. 1983), *aff'd*, 736 F.2d 388 (7th Cir. 1984). As stated above,

3

Courts have held that the standard applicable to motions to reconsider under Rule 54(b) is largely identical to that of Rule 59(e). *Saccameno v. Ocwen Loan Servicing, LLC,* No. 15 C 1164, 2018 WL 1240347, at *2 (N.D. Ill. Mar. 9, 2018) citing, *Morningware, Inc. v. Hearthware Home Prod., Inc.*, No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011) ("The standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b)."). Under Rule 59(e), a party "must demonstrate a manifest error of law or fact or present newly discovered evidence." *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011). Here, the Court erred when it relied upon Plaintiff's Exhibit 3. This Court's Summary Judgment Order stated that:

> Jeanette disputes the veracity of Kelly's story, pointing to evidence to suggest that Stephen was not charging at Kelly at the time he was shot. Primarily, Jeanette relies on the autopsy report that shows an entry wound on Stephen's back, indicating that he was retreating at the time Kelly fired. Given that the Court must draw all reasonable inferences in Jeanette's favor, we conclude that there is evidence in the record to call into question the events of July 28, 2014. Taking this material factual dispute into account, we find that summary judgment would be inappropriate with respect to the excessive force claim.

Dkt. No. 87 at pg. 4. This Court's Summary Judgment Order does not discuss or contemplate any evidence other than Plaintiff's Exhibit 3. This evidence should not have been considered for several reasons.

### a. Exhibit 3 is Inadmissible and therefore Cannot be Considered by this Court in Ruling on Defendants' Motion for Summary Judgment.

As argued in Defendants' reply in support of their summary judgment, Dkt. Nos. 84-86, Plaintiff did not lay foundation for her Exhibit 3, and therefore it is inadmissible and cannot be considered by this Court in its ruling on summary judgment. "Admissibility is the threshold question because a court may consider *only* admissible evidence in assessing a motion for

summary judgment." *Gunville v. Walker,* 583 F.3d 979, 985 (7th Cir. 2009) (emphasis added), citing, *Haywood v. Lucent Technologies, Inc.,* 323 F.3d 524, 533 (7th Cir.2003) (inadmissible evidence will not overcome a motion for summary judgment). *See also Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 562 (7th Cir.1996) (evidence relied upon at the summary judgment stage must be competent evidence of a type otherwise admissible at trial).

The Seventh Circuit has repeatedly held that *only* material that is admissible in evidence may be considered when deciding a motion for summary judgment. As Defendants' argued in their Reply (Dkt. No. 84-86), the Seventh Circuit previously explained that,

> It bears repeating that the purpose of summary judgment is to determine whether there is any genuine issue of material fact in dispute and, if not, to render judgment in accordance with the law as applied to the established facts. The facts must be established through one of the vehicles designed to ensure reliability and veracity, depositions, answers to interrogatories, admissions and affidavits. ***When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence.***

*Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985) (emphasis added); *see also Article II Gun Shop, Inc. v. Gonzales,* 441 F.3d 492, 496 (7th Cir. 2006) ("To be admissible, documents must be authenticated by an attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.") *Szymankiewicz v. Doying*, 187 Fed. Appx. 618, 622 (7th Cir. 2006) (internal citation omitted) ("In evaluating a summary judgment motion, the court may consider as evidence properly authenticated and admissible documents or exhibits. To be admissible, documents must be authenticated by an affiant through whom the exhibits could be admitted into evidence.");

5

Plaintiff did not establish any foundation whatsoever for Plaintiff's Exhibit 3. She did not authenticate the document through deposition testimony or an affidavit, and she did not even offer any evidence as to who created the document, when it was created, why it was created or the context in which it was created. (*See* Plaintiff's Resp. *generally*). Rather, Plaintiff simply attached the document and made impermissible arguments interpreting the document as she chose with no support for her arguments in the record.

Moreover, Plaintiff's Exhibit 3 is inadmissible hearsay which also cannot be considered by this Court in deciding if summary judgment is proper. A party may not rely upon inadmissible hearsay to oppose a motion for summary judgment. *See Logan v. Caterpillar, Inc.,* 246 F.3d 912, 925 (7th Cir.2001) (inadmissible hearsay is not enough to preclude summary judgment); *Eisenstadt v. Centel Corp.,* 113 F.3d 738, 742 (7th Cir.1997) (hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial). This Court relied almost exclusively on Plaintiff's Exhibit 3 in its Summary Judgment Order. This Court's Summary Judgment Order stated that, "[p]rimarily, Jeanette relies on the autopsy report that shows an entry wound on Stephen's back, indicating that he was retreating at the time Kelly fired. Given that the Court must draw all reasonable inferences in Jeanette's favor, we conclude that there is evidence in the record to call into question the events of July 28, 2014." Dkt. No. 87 at pg. 4.

The Court offered no other reason for denying Defendants' motion for summary judgment. However, because Plaintiff's Exhibit 3 has no foundation and is inadmissible hearsay, this Court should not have considered it at all when deciding Defendants' motion for summary judgment and therefore made a manifest error of law or fact. And further, without any foundational

6

support, expert testimony, or any other evidence in the record, this Court should not have concluded that Plaintiff's Exhibit 3 indicated that Isby was "retreating at the time Kelly fired." *Id*. Without some type of foundational testimony, we have absolutely no idea the trajectory or path of the wounds indicated in the diagram. We further have no idea where Officer Kelly was in proximity to Mr. Isby at the time the wound occurred, or Isby's body's position at the time the wound occurred. For these reasons, this Court's reliance and interpretation of Plaintiff's Exhibit 3 in its Summary Judgment Order was erroneous and therefore, this Court should reconsider its ruling on Defendants' Motion for Summary Judgment.

## II. Plaintiff Misrepresented Plaintiff's Exhibit 3 which Warrants this Court's Reconsideration of its Order denying Defendants' Motion for Summary Judgment under Rule 60(b).

FED.R.CIV. P. 60(b)(3) allows this Court to reconsider its judgment or order if an opposing party makes a misrepresentation to the Court. Rule 60(b)(3) does not require actual fraud or intentional misconduct. *See Lonsdorf,* 47 F.3d at 897. *Accord In re Firrone,* 272 B.R. 213, 216 (Bankr.N.D.Ill.2000) ("Rule 60(b)(3) relief does not require a showing of actual fraud.... Relief may be granted regardless of whether [the adverse party acted with] evil, innocent or careless, purpose. The issue is whether the adverse party's conduct prevented the [moving] party from fully and fairly presenting his case or defense.") *Wells Fargo Fin. Leasing, Inc. v. Comdisco, Inc.,* No. 05 CV 129, 2006 WL 1519324, at *7 (N.D. Ill. May 30, 2006)

Here, Plaintiff titled Plaintiff's Exhibit 3 "autopsy report" and in her response repeatedly held it out to be forensic evidence including stating (as if fact, although no such fact is of record) that the trajectory of the bullet showed that Defendant Kelly was standing "squarely, facing Mr.

7

Isby's back". (*See* Pl's Resp. Dkt No. 78 at pg. 10). Plaintiff *entirely misrepresented* to this Court what this document is and what it showed. Plaintiff's Exhibit 3 is actually part of a detective's report, taken from the Chicago police detectives' area file of the underlying investigation of the shooting – or case supplementary report (the document is marked with the Bates number "CPD00038" which is clearly contained in the Area File CPD0001-0000190). *See* Defs' 26(a) disclosures at page 6, attached hereto as Exhibit A.

Notably, Plaintiff attached an exhibit to her response to defendants' motion for summary judgment, which she labeled "Case Supplementary Report." (Dkt. No. 79-2). Plaintiff's Exhibit 3 is actually a continuation of Plaintiff's Exhibit 1 the "Case Supplementary Report." In fact, the Bates stamp number on the bottom of the page is indicative of this.[1] (*See* Exh. A at pg 6). Plaintiff simply took this single document out of the larger Plaintiff's Exhibit 1 and gave it the arbitrary title "autopsy report."

Again, Plaintiff presents no evidence that this specific document was actually created by the medical examiner or that it was in fact an "autopsy report." Indeed, this exhibit is affirmatively *not* part of the medical examiner's file produced throughout the course of this litigation. Instead, the Bates numbering and the actual file received from the Cook County Medical Examiner suggests this report was not created by a medical professional, rather it was likely created by a police detective at some point as part of the case supplementary report (attached to Plaintiff's response as Plaintiff's Exhibit 1, which this Court declined to consider). In fact, the document itself specifically includes a disclaimer that, "the notations and wound descriptions above are for

---

[1] Plaintiff's Exhibit 1, the inadmissible "Case Supplementary Report" is Bates stamped CPD00021-00037, Exhibit 3, the purported autopsy report is Bates Stamped CPD000038.

investigative purposes only; they are approximate in number and location . . ." (*See* Plaintiff's Exhibit 3, Dkt. No. 79-4).

Therefore, Plaintiff's labeling this document as an "autopsy report" misrepresented the evidence to this Court that Plaintiff's Exhibit 3 was a medical document, and not a police report. Indeed, this Court acknowledged the very lack of admissibility of statement's in the detectives' case supplementary report, (Plaintiff's Exhibit 1) in its Summary Judgment Order. Specifically, it noted, "…the Court doubts the admissibility of the statements contained in Plaintiff's Exhibit 1 absent live testimony, so we do not rely on this dispute for purposes of deciding this motion." (*See* Dkt. No. 87 at pg.3).

 Plaintiff's misrepresentation to the Court substantially interfered with Defendants' ability to defend their summary judgment motion. Because Plaintiff did not set forth any foundation for Plaintiff's Exhibit 3, there is no evidence whatsoever as to who created the document, when it was created, if the person was competent to offer the opinions set forth in the document, if the document is true and correct, or what evidence was relied upon in creating this document. Regardless, this Court relied upon the document because of misrepresentations made by Plaintiff. In other words, this Court noted the inadmissibility of statements contained in the detectives' case supplementary report, but because of the misrepresentation by Plaintiff the Court later relied upon that very evidence in denying Defendants' motion for summary judgment. For these reasons, pursuant to FED.R.CIV. P. 60(b)(3) this Court should alter its ruling on Defendants' Motion for Summary Judgment.

## **CONCLUSION**

For the reasons discussed above, the Court erred in relying on Plaintiff's Exhibit 3 as it was inadmissible and cannot be considered in deciding summary judgment. Further, Plaintiff misrepresented what Plaintiff's Exhibit 3 was to this Court, as such, pursuant to FED.R.CIV. P. 54(b) and 60(b)(3) this Court should reconsider its Summary Judgment Order and instead, grant Defendants' Motion for Summary Judgment.

                                                Respectfully submitted,

Dated: October 2, 2019            */s/ Jessica L. Griff*
                                                Jessica L. Griff
                                                Assistant Corporation Counsel
                                                30 N. LaSalle Street, Suite 900
                                                Chicago, Illinois 60602
                                                (312) 744-2826
                                                Jessica.Griff@cityofchicago.org
                                                Atty. No. 6309134

## **CERTIFICATE OF SERVICE**

  I, Jessica L. Griff, an attorney, certify that on October 2, 2019 I served a copy of this MOTION TO RECONSIDER upon the Plaintiff by filing the same before the Court via the ECF system.

                */s/Jessica L. Griff*
                Jessica L. Griff